Per curiam

(_Haywooo preset^) — The beginning of the last fine is nor disputed, the only question is where it terminates, and where was the corner made for it. It is proton to have been mad.-at th- point of Hie island, iery considerably out of the course of this line, and n> irer to ’the beginning than any part of tins lute is. We must in the first place, a.tend to the rules . stablished by judicial determinations for the settlement of bound, ry case . which are, that if a cou- se and distance be call d for, terminating at a natural boundary, as a swamp, islams, mountain or the like, there the line must terminate, whet-er-it exceed or fall short of the distance expressed in the ¡latent. If a course and distance be calk'd for, and there is no marked line nor natural boimdaiy, that course and dist-uro .mu-,t be pursued, and tfie line must terminate where thirl distance in the course called for, is completed: but if a course and distance be called fn„, anti tlwre bt a marked line and corner, variant from ¡hot course which is pttiv-n to be the Une made by -h snneyor as a i boundary, then that marked line shall br pu.-sm'd. fo cxnnine tli1 present rase by ¡In sc t tiles — this «nuked Une will intersect the bank of tin island before she distance be en nple'ed, and a line drawn from thenc- v.:-i : xactly agree with the course of the Iasi, line mentioned in the *435 patent, which will not be true, with respect to any line drawn from either of the other two trrmi.radons •, that line disagrees with the description in these particulars — it is not at tiie poiut of the island — there is no hickory — and the distance is not completed. If we pursue the marked line into the island, and stop at the completion of the distance mentioned in the parent, that poiut disagrees with the description in these particulars — it is not at the hank of the island, nor at any hickory, nor on the point of-the island | neither will the last line drawn from thence be in the course mentioned in the patent.!— If we go to the end of the marked line, we enter upon appropriated land, and a line drawn fi om thence to the beginning will include many acres of this appropriated land ; but if vacant land adjoin land appropriated, and the patentee by mistake include part of the appropriated land, he shall hold all die land within his boundaries that was not previously appropriated. Moreover, that ¡joint agrees with the description of the patent in more particulars than any of the other points will — the distance of the line leading to that point exceeds the, length mentioned in she patent but a little ; a line drawn f«om thence to the beginning will touch the place where the hickory stood that place will be on the bank of the island, and also at the point of the island. The only circumstance in which it disagrees with the patent is, that a liue continued from thence to the beginning, will not be in the course called for. By throwing away the appropriated laud in the island, contained within the angle formed by (he intersection of the two last lines, or by drawing a line along the edge of the island from its point of intrrsection by the last line but one, to the point, of the. island where the hickory stood, we avoid what probably the surveyor intended to avoid, an interference with the appropriated land, and allow to the patentee all, and no more than he was intended to have. Should we run from th; beginning the last line but one, directly to the hickory at the point of the island, we leave the marked line, proven to be marked as a boundary, and leave out a part of the land Intended for the patentee. The court therefore is of opinion, that the marked line should bt pursued till it strikes the island, and that from í hence to the hickory, along the edge of the islam!, should be deemed another boundary, *436 and the last lisie be drawn from thence to the beginning-The'jury found accordingly for the Plaintiff.
Note. — That the marked line really made as'the boundary, is to be followed rather than the course mentioned in the patent, where they happenTo disagree, isa rub- established by several cases formed upon the case of Person v. Roundtree ; which is a leading case, and was thus ~Roundtree entered a tract of land, lying in Granville County, on Shocco civek, and ran the said tract out in following manner: Beginning at a tree on the bank of Shocco creek, running south poles,to a comer, thence east poles, to a corner, thence north poles, to a corner on the creek, thence up the creek to the beginning. By a mistake, either in the Surveyor or in the Secretary who filled up the grant, the courses were reversed: Beginning at the creek at a tree, running north poles, toa corner, thence east, &c, placing the lands on the opposite-side of the creek from that on which it w#s really surveyed, so that tile grant did not cover any of the land surveyed. Roundtree settled on the land surveyed, which was afterwards entered by Person, viho obtained a deed from Eafi Granville, and brought ani ejec'nn-.nt against Roundtree for the premises. On the trial Round-tree -,rov. d the lines ot the survey, and his having been in possession for some time, olaiming the same under his grant. This case, after being several times argued by the counsel on boh) sides, was at length finally determined by tlie unanimous opinion of the court, who decided that the mistake of the Surveyor or Secretary, who filled up the grant, should not prejudice the Defendant; and that the Defendant was well entitled to the lands intended to be granted and whigh had been sur* veyed. And there was judgment for the Defendant.
Note — Vide Bradford v. Hill, and the note thereto, ante 22.